# Exhibit "A"

*Plaintiff's Complaint*

Electronically Filed
7/26/2021 11:22 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
RAHUL RAVIPUDI
Nevada Bar No. 14750
   *ravipudi@psblaw.com*
IAN SAMSON
Nevada Bar No. 15089
   *samson@psblaw.com*
ADAM ELLIS
Nevada Bar No. 14514
   *ellis@psblaw.com*
JANICE J. PARKER
Nevada Bar No. 14102
   *ellis@psblaw.com*
**PANISH SHEA & BOYLE LLP**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Tel. (702) 560.5520 | Fax. (702) 975.2515

Attorneys for Plaintiff

CASE NO: A-21-838454-C
Department 5

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JOANNE SCARPELLI, an Individual,<br><br>         Plaintiff,<br><br>    v.<br><br>WALMART INC., a Delaware Corporation; JETON BERISHA, an individual; DOES I through X, inclusive; and ROE CORPORATIONS XI through XX, inclusive,<br><br>        Defendants. | Case No.<br>Dept. No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**ARBITRATION EXEMPT**<br>**(Amount in Controversy Exceeds $50,000)** |

      COMES NOW, Plaintiff, JOANNE SCARPELLI, by and through her attorneys the law firm

of Panish Shea & Boyle, LLP, and hereby demands a trial by jury and complains and alleges against

Defendants as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

**PARTIES AND JURISDICTION**

1.      Plaintiff JOANNE SCARPELLI is, and at all times relevant thereto, was, a resident of Clark County, Nevada.

2.      Defendant WALMART INC. is, and at all times relevant herein was, a Delaware Corporation conducting business in Clark County, Nevada.

3.      Defendant JETON BERISHA is, and at all times relevant thereto, was, a resident of Clark County, Nevada.

4.      The true names and/or capacities, where individual or corporate, associate or otherwise of Defendants DOES I through X and ROE CORPORATIONS XI through XX, and each of them, presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendant fictitiously named herein as a DOE or ROES are the owners, operators, officers, directors, partners, or agents of the other Defendants, or were legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and therefore, proximately caused the injuries and damages to Plaintiff as herein alleged.  Plaintiff will seek leave of court to amend this complaint and state the trues names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

5.      Upon information and belief, Defendants, and each of them, were the agents, servants, and employees of each other and were acting within the course and scope of their agency, service, and/or employment and each, when acting as a principal, was negligent in the hiring and selection of each other as an agent, employee, and/or joint venturer.

6.      Defendant WALMART INC. maintains purposeful contacts with the state of Nevada by conducting business in Nevada generally and within Clark County specifically.

7.      Upon information and belief, Defendant WALMART INC operates the following locations within the state of Nevada: thirty (30) Supercenters, eleven (11) Neighborhood Markets, seven (7) Sam's Clubs, two (2) discount stores, and three (3) distribution centers.

8.      Upon information and belief, Defendant WALMART INC. operates at least twelve (12) locations and one (1) distribution center in Clark County, Nevada.

9.      Upon information and belief, Defendant WALMART INC. owns forty-eight different business licenses in Clark County, Nevada including licenses for department stores, grocery and food products, liquor for grocery stores, loans and check cashing services, and finance and insurance services.

10.      Upon information and belief, Defendant WALMART INC. employs over 15,000 associates in the state of Nevada.

11.      Upon information and belief, Defendant WALMART INC. collects over $166 million in taxes and fees on behalf of the state of Nevada as part of transactional sales of taxable goods and services annually.

12.      The Eighth Judicial District Court of Nevada exercises jurisdiction over each and every Defendant in this action is appropriate because each and every Defendant has done and continues to do, business in the State of Nevada and committed a tort in Clark County in the State of Nevada.

13.      Jurisdiction in the Eighth Judicial District Court of Nevada is further appropriate because the acts and omissions occurred within Clark County, State of Nevada and the venue is proper.

## **GENERAL ALLEGATIONS**

14.      Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully sat forth at length herein.

15.      On or about May 6, 2021, Plaintiff was an invitee of the Defendants at Walmart Supercenter, Store 2050, located at 300 E. Lake Mead Parkway, Henderson, Nevada, 89015 ("SUBJECT PREMISES").

16.      At all relevant times herein, Defendant WALMART INC. maintained and was in control of the SUBJECT PREMISES.

17.      At all relevant times herein, Defendant WALMART INC. owned the SUBJECT PREMISES.

18.      At all relevant times herein, Defendant JETON BERISHA was the supervisor or manager of the SUBJECT PREMISES.

19.     While visiting the SUBJECT PREMISES, Plaintiff fell and suffered injuries due to a dangerous condition.

20.     One or more employees of WALMART, that were supervised by JETON BERISHA, were present in the vicinity of the dangerous condition and caused the dangerous condition to exist and/or failed to warn Plaintiff of its existence.

21.     Defendants, and each of them, knew or should have known of the dangerous condition that existed on the SUBJECT PREMISES and failed to warn patrons or other guests of the same.

22.     Upon information and belief, Defendants, and each of them, caused the above described dangerous condition to exist.

23.     Upon information and belief, Defendants, and each of them, failed to warn patrons and other persons, including Plaintiff, of the above described dangerous condition on the SUBJECT PREMISES.

24.     As a direct and proximate result of the actions and inactions of Defendants, and each of them, Plaintiff fell and suffered severe physical and mental injuries and damages.

### FIRST CLAIM FOR RELIEF

**(Negligence Against All Defendants)**

25.     Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

26.     At all times material hereto, particularly on May 6, 2021, Defendants, and each of them, owed a duty of reasonable care to maintain the SUBJECT PREMISES in a safe and secure condition.

27.     At all times material hereto, Defendants, and each of them, owed a duty of reasonable care for the safety of patrons or other persons on the SUBJECT PREMISES.

28.     At all times material hereto, Defendants, and each of them, owed a duty of reasonable care to warn patrons and other persons on the SUBJECT PREMISES of dangers actually or constructively known to exist by Defendants.

29.     It was reasonably foreseeable to Defendants, and each of them, that patrons would

walk within the SUBJECT PREMISES, including on or near the dangerous condition.

30.     Defendants, and each of them, knew or should have known about the dangerous condition.

31.     Defendants, and each of them, failed to exercise due care in properly maintaining the SUBJECT PREMISES.

32.     Defendants, and each of them, failed to exercise due care in properly warning patrons and other persons of the dangerous condition described above.

33.     Defendants, and each of them, failed to exercise due care in ensuring the safety of patrons or other persons on the SUBJECT PREMISES.

34.     As a direct and proximate result of the negligence, carelessness and reckless action and inactions of the Defendants, and each of them, their employees, agents, and assigns, Plaintiff has suffered severe and serious personal physical and mental injuries. Plaintiff has sustained damages in an amount in excess of Fifteen Thousand Dollars ($15,000).

35.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has been limited in occupational and recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

36.     As a further direct and proximate result of Defendants' negligence, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

37.     The Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### **SECOND CLAIM FOR RELIEF**

#### **(Premises Liability Against All Defendants)**

38.     Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

39.     At all times material hereto, Defendants owned or controlled the SUBJECT PREMISES.

40.     At all times material hereto, there existed a dangerous condition on the SUBJECT PREMISES.

41.     At all times material hereto, Plaintiff was an invitee of Defendants and lawfully at the SUBJECT PREMISES.

42.     At all times material hereto, Plaintiff did not have knowledge of the dangerous condition.

43.     At all times material hereto, Defendants, and each of them, caused, knew, or in the exercise of reasonable care should have known about the dangerous condition.

44.     Defendants failed to remedy the dangerous condition.

45.     As a direct and proximate result of the dangerous condition, Plaintiff suffered severe and serious personal physical and mental injuries. Plaintiff has sustained damages in an amount in excess of Fifteen Thousand Dollars ($15,000).

46.     As a further direct and proximate result of the dangerous condition, Plaintiff has been limited in occupation and recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

47.     As a further direct and proximate result of the dangerous condition, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

48.     The Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff JOANNE SCARPELLI, pray for judgment in her favor and against Defendants as follows:

1) For a judgment in favor of Plaintiff and against Defendants, and each of them, on the Complaint and all claims for relief asserted herein;

2) For an award of general and special damages in an amount in excess of $15,000, to be proven at trial;

1  3)  For an award of reasonable attorneys' fees and costs incurred in this action;

2  4)  For pre-judgment and post-judgment interest, as the rate allowed by law, on such amounts

3      awarded from the date of filing this Complaint and after judgment is entered; and

4  5)  For any such other and further relief as the Court deems proper.

**PANISH SHEA & BOYLE LLP**

By: /s/ *Janice Parker*
RAHUL RAVIPUDI, NV Bar No. 14750
IAN SAMSON, NV Bar No. 15089
ADAM ELLIS, NV Bar No. 14514
JANICE J. PARKER, NV Bar No. 14102
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Pursuant to NRCP 38, Plaintiffs hereby demand a trial by jury on all claims so triable.


**PANISH SHEA & BOYLE LLP**

By: /s/ *Janice Parker*
RAHUL RAVIPUDI, NV Bar No. 14750
IAN SAMSON, NV Bar No. 15089
ADAM ELLIS, NV Bar No. 14514
JANICE J. PARKER, NV Bar No. 14102
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*