UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOANNE SCARPELLI, | Case No. 2:21-CV-1637 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| WALMART, INC., JETON BERISHA, | |
| Defendant(s). | |

Presently before the court is defendants Walmart, Inc. ("Walmart") and Jeton Berisha's ("Berisha") (collectively "defendants") motion to dismiss plaintiff Joanne Scarpelli's ("Scarpelli") claims against Berisha. (ECF No. 3). Scarpelli filed a response (ECF No. 7), to which defendants replied (ECF No. 8).

Also before the court is Scarpelli's motion to remand this matter. (ECF No. 6). Defendants filed a response (ECF No. 10), to which Scarpelli replied (ECF No. 10).

**I.   Background**

This negligence and premises liability matter arises out of an alleged accident that occurred at defendant Walmart's grocery store—Walmart Supercenter, store 2050. Plaintiff Scarpelli alleges that on May 6, 2021, she "fell and suffered injuries due to a dangerous condition." (ECF No. 1-2 at 5).

Scarpelli alleges that Berisha, a non-diverse resident of Nevada, is personally liable to Scarpelli for causing her injuries because Berisha failed to exercise due care in properly maintaining the store, in properly warning patrons of the dangerous condition, in ensuring the safety of patrons, and in remedying the dangerous condition.

**James C. Mahan**
**U.S. District Judge**

Scarpelli filed a negligence premises liability action in Nevada state court on July 26, 2021, naming Walmart and Berisha, as an individual, as defendants. Defendants removed this action September 3, 2021, despite Berisha's presence as a resident defendant, asserting that he had been fraudulently joined. (ECF No. 1). Defendants now move to dismiss the claims against Berisha (ECF No. 3) and Scarpelli moves to remand this matter (ECF No. 6).

**II.**     **Legal Standard**

A.   Motion to Dismiss

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

B.   Motion to Remand

"Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

For diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28

**James C. Mahan**
**U.S. District Judge**

1  U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A
2  removing defendant has the burden to prove by a preponderance of the evidence that the
3  jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04
4  (9th Cir. 1996). Removal based on diversity is subject to the forum defendant rule: "[a] civil
5  action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this
6  title may not be removed if any of the parties in interest properly joined and served as defendants
7  is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2).

8  A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. §
9  1447(c). On a motion to remand, the removing defendant faces a strong presumption against
10 removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental*
11 *Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67
12 (9th Cir. 1992).

13 **III.    Discussion**

14 Scarpelli argues that this matter should be remanded to state court because Berisha is a
15 citizen of Nevada and therefore the parties are not completely diverse. (ECF No. 6). Defendants
16 argue that the claims against Berisha should be dismissed under a theory of fraudulent joinder,
17 thereby establishing complete diversity and keeping this matter in federal court. (ECF No. 3).
18 The parties' dueling motions rest on one issue, whether Berisha is a fraudulently joined party to
19 this matter.

20 "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey*
21 *v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). "Fraudulent
22 joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant,
23 and the failure is obvious according to the settled rules of the state, the joinder of the resident
24 defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987);
25 *see also Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the
26 individuals joined in the action cannot be liable on any theory."). Conversely, "if there is
27 a *possibility* that a state court would find that the complaint states a cause of action against any of
28 the resident defendants, the federal court must find that the joinder was proper and remand the

**James C. Mahan**
**U.S. District Judge**

case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Fraudulent joinder of a non-diverse defendant is established in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  The defendant "bears a heavy burden" of proving that the joinder was improper. *Id.*

Here, defendants do not argue actual fraud.  Instead, defendants must meet the heavy burden to establish that there is no *possibility* that a state court could find Scarpelli has alleged a potentially viable cause of action against Berisha.  Consistent with the following, this court holds that there is such possibility, especially in light of Nevada's less stringent "notice pleading" regime.  *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party").

On the one hand, defendants argue that Scarpelli fails to provide any authority showing that an employee can be liable to a patron on a theory of negligence and premises liability.  On the other hand, Scarpelli argues that defendants fail to provide any authority showing that employees cannot be liable for negligence merely because they are employees.

Nevada law provides that an entity with ownership, possession, or control of a particular premises may be held liable under a negligence theory for personal injury caused by a hazardous condition existing on that premises. *See Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250 (Nev. 1993) ("[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use."); *Hall v. SSF, Inc.*, 112 Nev. 1384, 1393 (Nev. 1996) ("In Nevada, a proprietor owes a general duty to use reasonable care to keep the premises in a reasonably safe condition for use.") (citing *Moody v. Manny's Auto Repair*, 110 Nev. 320, 331–33 (Nev. 1994)); *Worth v. Reed*, 79 Nev. 351, 354 (Nev. 1963) ("[A]n owner owes an invitee the duty of ordinary care.") (citing

*Nevada Transfer & Warehouse Co. v. Peterson*, 60 Nev. 87, 90 (Nev. 1939)); *Asmussen v. New Golden Hotel Co.*, 80 Nev. 260, 262 (Nev. 1964) ("[A] proprietor owes his invited guests a duty to keep the premises in a reasonably safe condition for use") (citing *Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 1101 (Nev. 1993)).  Further, it is clear under Nevada law that an employer cannot avoid liability by delegating the duty to maintain the premises in a reasonably safe condition to an employee.  *Cutler v. Pittsburg Silver Peak Gold Mining Co.*, 116 P. 418, 422 (Nev. 1911) ("The employer cannot delegate this duty [to exercise care, diligence, and caution] to another and thereby free himself from responsibility.").

Yet, neither party has provided this court with any binding authority or settled Nevada state law clearly holding either way on the issue of whether an employee whose employment duties include maintaining a safe premises individually owes that duty to patrons.  On the one hand, this court has found that attempts to avoid federal jurisdiction by adding store employees as individual defendants are not valid.  *See, e.g.*, *Bailey v. Smith's Food & Drug Centers, Inc.*, 2:20-cv-00328-JAD-VCF, ECF No. 26 at 16 (D. Nev. April 16, 2020); *Mahay v. Wal-Mart Stores, Inc.*, 2:16-cv-2041-JAD-NJK, ECF No. 21 at 13–15 (D. Nev. October 21, 2016) (holding that "inverse vicarious liability," where the store manager assumes personal responsibility for the liability of the employer, does not exist in Nevada).  On the other hand, this court has remanded strikingly similar negligence and premise liability matters involving individual defendants that Nevada state courts have allowed to proceed.  *See, e.g.*, *Guevara v. Walmart Inc., et al.*, 2:20-cv-00913-JCM-DJA, ECF No. 24 (D. Nev. September 14, 2020) (continuing in state court for over a year after remand until the parties reached a settlement).

The court understands that it has previously interpreted Nevada law as definitively precluding premises liability for employees on the basis that they do not owe any duty to patrons. Yet, this court cannot ignore that there is no settled law specifically affirming that interpretation and that state courts have recently allowed similar matters to continue after remand.  Therefore, the court holds that, here, "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants," and thus holds that "the joinder was proper and remand[s] the case to the state court." *Grancare*, 889 F.3d at 548.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Therefore, the court grants Scarpelli's motion to remand.  Consequently, defendants' motion to dismiss is denied as moot.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Scarpelli's motion to remand this matter (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss the claims against Berisha (ECF No. 3) be, and the same hereby is, DENIED as moot.

DATED December 29, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**